UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TEAMSTERS LOCAL UNION NO. 727<br>HEALTH AND WELFARE FUND, et al, | ) ) ) | |
| Plaintiff, | ) ) | No.  08-CV-4082 |
| v. | ) ) ) | |
| ROBERT J. SMITH FUNERAL HOMES,<br>INC., | ) ) ) | Judge Castillo<br>Magistrate Judge Nolan |
| Defendants. | ) ) ) | |

# DEFENDANT'S
# ANSWER TO COMPLAINT

Defendant ROBERT J. SMITH FUNERAL HOMES, INC., through its undersigned

attorneys, answers as follows Plaintiffs' Complaint in this cause:

### Complaint ¶1

This action is brought under the provisions of Sections 502(g)(2), (a)(3),
and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29
U.S.C. §§ 1132(g)(2), (a)(3), and 1145.

### Answer ¶1

Defendant acknowledges that Plaintiffs purport to bring this action under 29 U.S.C.

§§1132(a)(3) and 1145, but denies that Plaintiffs have a claim against Defendant under those

provisions.

### Complaint ¶2

Jurisdiction in this Court is based upon Sections 502(e)(1) and 502(e)(2)
of ERISA, 29 U.S.C. §§ 1132(e)(1) and (e)(2).  Section 502(e)(2) states in
relevant part:

Where an action under this subchapter is brought in a district court of the
United states, it may be brought in the district where the plan is
administered, where the breach took place, or where a defendant resides or

may be found, and process may be served in any other district where a defendant resides or may be found.

### Answer ¶2

Defendant admits that the Court has jurisdiction under 29 U.S.C. §1132(e).

### Complaint ¶3

The TEAMSTERS LOCAL UNION NO. 727 HEALTH AND WELFARE FUND, TEAMSTERS LOCAL UNION NO. 727 PENSION FUND and TEAMSTERS LOCAL UNION NO. 727 LEGAL AND EDUCATIONAL ASSISTANCE FUND ("Funds") receive contributions from numerous employers pursuant to collective bargaining agreements heretofore entered into between Teamsters Local Union No. 727 ("Union") and Defendant, and the Funds are maintained and administered in accordance with and pursuant to the provisions of Section 302(c)(5) of the National Labor Relations Act, as amended, ERISA and other applicable federal law and the Funds are administered pursuant to the terms and provisions of a certain Restated Agreement and Declaration of Trust ("Trust Agreement").

### Answer ¶3

Defendant admits that Plaintiff Funds received contributions from Defendant pursuant to a collective bargaining agreement ("Agreement") between Defendant and Teamsters Local Union No. 727, but deny that Plaintiffs "receive contributions from numerous employers pursuant to" that Agreement.  Defendant is without knowledge or information sufficient to form a belief as to whether the Funds are maintained and administered in accordance with ERISA, the National Labor Relations Act and the "Trust Agreement" referred to in Paragraph 3 of the Complaint.

### Complaint ¶4

The Funds offices are located at 5940 West Montrose Avenue, Chicago, Illinois 60634, and the Funds are administered in the Northern District of Illinois.

### Answer ¶4

On information and belief, Defendant admits the allegations of Paragraph 4 of the Complaint.

### Complaint ¶5

As provided in the Trust Agreements, Plaintiffs are required to receive, hold and manage all monies required to be contributed to the Funds in accordance with the provisions of the then applicable Collective Bargaining Agreement for the uses and purposes set forth in the Trust Agreements.

### Answer ¶5

Defendant is without knowledge or information sufficient to form a belief as to what the

"Trust Agreements" provide concerning the Funds' receiving, holding and managing monies

contributed to the Funds.

### Complaint ¶6

Defendant is an employer engaged in an industry affecting commerce and maintains its principal place of business at 6150 North Cicero, Chicago, Illinois 60646.

### Answer ¶6

Defendant admits the allegations of Paragraph 6 of the Complaint.

### Complaint ¶7

Defendant employs or has employed persons represented for collective bargaining purposes by the Union and agreed to be bound by the Collective Bargaining Agreement or agreements referred to herein, by the terms of which Defendant was required to contribute to the Funds.

### Answer ¶7

Defendant admits that it has employed persons who were represented for collective

bargaining purposes by Teamsters Local Union No. 727, and that, when it employed such

persons and while it was subject to a collective bargaining agreement with Local 727, Defendant

made contributions to Plaintiff Funds on behalf of those persons pursuant to that Agreement.

### Complaint ¶8

Plaintiffs are advised and believe that Defendant has failed to submit accurate contribution reports and the required payments thereon to the Funds,

pursuant to the terms of the collective bargaining agreement by which it is bound, all in violation of its contractual obligations under applicable federal statutes.

### Answer ¶8

Defendant denies each and every allegation of Paragraph 8 of the Complaint.

### Complaint ¶9

That Defendant is delinquent to the Funds for the period of January 1, 2006, through December 21, 2007, in the amount of $17,512.45, as determined by the Fund's Auditors.

### Answer ¶9

Defendant denies each and every allegation of Paragraph 9 of the Complaint.

### Complaint ¶10

Defendant's failure to pay is a violation of the collective bargaining agreement and the Trust Agreement. Plaintiffs, therefore, seek enforcement of these provisions pursuant to Section 502(a)(3), (b)(ii), and Section 301(a) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C., Sec. 185(a).

### Answer ¶10

Defendant denies committing any violation of its collective bargaining agreement with

Teamsters Local 727 concerning contributions to the Plaintiff Funds for Defendant's employees

represented by Local 727, as Defendant properly made and reported all required Fund

contributions for as long as it employed any such individuals. Defendant is without knowledge

or information sufficient to form a belief concerning the provisions of the "Trust Agreement"

referred to in the Complaint, never having seen such a "Trust Agreement," but denies violating

provisions of the "Trust Agreement" also.

### Complaint ¶11

Plaintiffs are without an adequate remedy at law and will suffer immediate, continuing and irreconcilable injury and damage unless Defendant is ordered to specifically perform all of its obligations required under the Collective Bargaining Agreement and the Trust Agreement, and is restrained from continuing to refuse to perform as thereunder required.

### Answer ¶11

Defendant denies each and every allegation of Paragraph 11 of the Complaint, denies any violations of the collective bargaining agreement or Trust Agreement as alleged, and denies that Plaintiffs have been injured in any way or that Plaintiffs are entitled to any relief whatsoever from Defendant.

WHEREFORE, Defendant urges that Plaintiffs' Complaint be dismissed in its entirety, or that judgment be entered in favor of Defendant and against Plaintiffs on all claims in the Complaint, and that Defendant be awarded such other relief as is just and proper.

Respectfully submitted,

ROBERT J. SMITH FUNERAL HOMES, INC.

Date:  August 25, 2008

By:  s/ J. Stuart Garbutt
         One of its attorneys

J. Stuart Garbutt
Meckler Bulger Tilson
Marick & Pearson LLP
123 North Wacker Drive
Chicago, Illinois  60606
Tel:    312/474-7900
Fax:    312/474-7898

M:\11916\pleading\answer01.doc

5

# CERTIFICATE OF SERVICE

I, J. Stuart Garbutt, an attorney, certify that on August 25, 2008, I caused **Defendant's**

**Answer to Complaint** to be electronically filed with the Clerk of the Court using the CM/ECF

system which will send notification of such filing to the following.

>   Robert B. Greenberg
>   Asher, Gittler, Greenfield, Cohen & D'Alba
>   200 W. Jackson Blvd., Suite 1900
>   Chicago, IL  60606

>                          s/J. Stuart Garbutt
>                          One of the Attorneys for Defendant

J. Stuart Garbutt
Meckler Bulger Tilson
Marick & Pearson LLP
123 North Wacker Drive, Suite 1800
Chicago, Illinois  60606
Tel:    312/474-7900
Fax:    312/474-7898

M:\11916\pleading\answer01.doc